ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Deputy Chief Public Corruption and Civil Rights
LIZABETH ANN RHODES (Cal. Bar. No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/7413
     Facsimile: (213) 894-6436
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY THOMPSON, et al., <br><br> Defendants. | No. CR 13-0819-PA <br><br> GOVERNMENT'S RESPONSE TO PUBLIC AUTHORITY AND ENTRAPMENT BY ESTOPPEL DEFENSES, REQUEST FOR WITNESS DISCLOSURE, and OBJECTION AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Motions <br> Hearing Date: April 14, 2014 <br> Hearing Time: 3:00 p.m. <br><br> Trial Date: May 13, 2014 <br> Trial Time: 8:30 a.m. |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Margaret L. Carter, hereby responds pursuant to Federal Rule of Criminal Procedure 12.3 to the Notices of Public

1

Authority Defense provided by the following defendants on the following dates:

| Defendant | Docket No. | Filing Date |
|---|---|---|
| Gregory Thompson | 121 & 123 | 03/15/2014 |
| Stephen Leavins | 131 & 173 | 03/17/2014 |
| Gerard Smith | 129 | 03/17/2014 |
| Mickey Manzo | 135 | 03/17/2014 |
| James Sexton | 138 (Application to File Under Seal) | 03/17/2014 |
| Scott Craig | 120 & 175 | 03/14/2014 |
| Maricela Long | 128 | 03/16/2014 |

Pursuant to Rule 12.3(a)(3), the government denies that any of the defendants exercised public authority as identified in the notices. Moreover, as described in greater detail in the attached memorandum of points and authorities, the noticed public authority and entrapment by estoppel defenses fail as a matter of law because no agent of the Los Angeles Sheriff's Department may authorize an individual to commit a federal crime.

Pursuant to Rule 12.3(a)(4)(A), the government also requests that the below-listed defendants each disclose the name, address, and telephone number of each witness upon which that defendant intends to rely to establish the public authority defense listed in each defendant's notice:

| Defendant | Docket No. | Filing Date |
|---|---|---|
| Gregory Thompson | 121 & 123 | 03/15/2014 |
| Stephen Leavins | 131 & 173 | 03/17/2014 |
| James Sexton | 138 (Application to File Under Seal) | 03/17/2014 |
| Scott Craig | 120 & 175 | 03/14/2014 |
| Maricela Long | 128 | 03/16/2014 |

The government also requests that defendant James Sexton specifically note in his witness disclosures which witness, if any, he intends to rely on to establish his claim that he was acting on behalf of Steven M. Martinez of the Federal Bureau of Investigation. This is necessary to provide the government with adequate notice of defendant

Sexton's defense pursuant to Rule 12.3, since Steven Martinez is the only federal official identified in any of the notices; all of the other claimed defenses are legally deficient.

Accordingly, the government also objects to the introduction by any of the above-listed defendants of any evidence and argument supporting the public authority or entrapment by estoppel defenses on the grounds that each one fails as a matter of law because it is premised on claims that local authorities authorized violations of <u>federal</u> law.  The government also objects to any late disclosures of additional agencies or any agents not specifically identified in a defendant's Rule 12.3 notice, including the following non-specific text in the previously-filed notices:

| Defendant | Text |
|---|---|
| Stephen Leavins | ". . . . any other law enforcement agency that may be subsequently disclosed in on-going discovery production . . . ." (Docket Nos. 131 & 173.) |
| James Sexton | ". . . . including but not limited to . . . ." (Docket No. 138.) |
| Scott Craig | "Other members of the L.A.S.D. presently not identified." (Docket Nos. 121 & 175.) |
| Maricela Long | "Other members of the L.A.S.D. presently not identified."  (Docket No. 128.) |

The government notes that defendants Thompson, Smith, and Sexton object to the form of this response and objection, and request an opportunity to be heard on the issues raised in the government's filing and the attached memorandum of points and authorities. Accordingly, the government has in turn represented that it will continue to meet and confer with defendants regarding the issues raised herein, and will file a joint motion <u>in limine</u> prior to trial and after the exchange of all disclosures required by Rule 12.3.

The government's response and objection are based upon the attached memorandum of points and authorities, the files and records

1  in this case, and any other evidence and argument that the Court may
2  wish to consider.

3  Dated: March 27, 2014          Respectfully submitted,

4                                 ANDRÉ BIROTTE JR.
                                   United States Attorney
5
                                   ROBERT E. DUGDALE
6                                  Assistant United States Attorney
                                   Chief, Criminal Division
7

8                                        /s/ *Margaret L. Carter*
                                   Brandon D. Fox
9                                  Lizabeth A. Rhodes
                                   Margaret L. Carter
10                                 Assistant United States Attorneys

11                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S OJBECTION AS A MATTER OF LAW**

**I.   INTRODUCTION**

The government objects to and asks the Court to preclude any argument or evidence regarding any public authority or entrapment by estoppel defense based on the notion that any defendant's conduct was authorized by the Los Angeles Sheriff's Department ("LASD") or any employee of the LASD.  Such a defense must fail as a matter of law because controlling Ninth Circuit law requires that the agent who supposedly authorized a violation of federal law had the <u>actual</u> authority to do so.  Because the LASD is not a federal agency, neither it nor its employees may authorize the violation of federal obstruction of justice and false statement laws.

The government also objects to any evidence related to claims of public authority not specifically disclosed in defendant's previously-filed public authority notices for failure to comply with Federal Rule of Criminal Procedure 12.3.  The government's objection includes the non-specific catch-all wording in the public authority notices filed by defendants Stephen Leavins, James Sexton, Scott Craig, and Maricela Long on the grounds that these provide no notice at all to the government and therefore fail to comply with Rule 12.3.

**II.   ARGUMENT**

   **A.   Any defense premised on authorization by the LASD or an LASD employee should be precluded as legally deficient**

With just one exception, every notice of public authority or entrapment by estoppel filed thus far in this case lists only the LASD as the authorizing agency and only LASD employees or agents as

authorizing agents.[1]  (See Docket Nos. 120, 121, 123, 128, 131, 138 (document accompanying sealing application), 173 & 175.)  Any assertion, however, that a defendant was acting at the direction of another Los Angeles County Sheriff's Department employee is legally insufficient to establish a public authority or entrapment by estoppel defense, because only a federal agent may authorize a violation of federal law.

Public authority and entrapment by estoppel are both affirmative defenses.  Accordingly, the Court can require a defendant to make a pretrial offer of proof on any such defenses to demonstrate that the evidence in support of those defenses is sufficient as a matter of law to satisfy each defense's essential elements.  See United States v. Mack, 164 F.3d 467, 474 (9th Cir. 1999) (defenses of public authority and entrapment by estoppel ruled inadmissible prior to trial); United States v. Brebner, 951 F.2d 1017, 1027 (9th Cir. 1991) (same).  Cf. also United States v. Dorrell, 758 F.2d 427, 430–34 (9th Cir. 1985) (necessity defense).  When a defendant fails to make this prima facie showing, the defendant may be precluded from presenting argument or supporting evidence regarding the defense at trial.  See United States v. Schafer, 625 F.3d 629, 637 (9th Cir. 2010); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996) (evidence is not relevant if the defendant fails to present a prima facie case of the affirmative defense).

As the Ninth Circuit explained in United States v. Burrows, 36 F.3d 875 (9th Cir. 1994), to establish a public authority defense, a

---

[1] Defendant Sexton is the only defendant in this case who has listed any federal official.  He lists just one, Steven M. Martinez of the Federal Bureau of Investigation.

2

defendant must put forth evidence that "'he reasonably relied on the authority of a government official to engage him in a covert activity.'" 36 F.3d at 881-82 (quoting United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994)). For entrapment by estoppel, a defendant must put forth evidence that "'a government official tells a defendant that certain conduct is legal and the defendant commits what would otherwise be a crime in reasonable reliance on the official's representation.'" Id. (quoting Baptista, 17 F.3d at 1368 n.18). For each defense, the defendant's reliance must be both reasonable and sincere. Id. at 862.

In interpreting these requirements, the Ninth Circuit has made clear that a defendant must show some evidence that the law enforcement officers who allegedly authorized the illegal activity had the actual legal authority to permit it. See United States v. Matta-Ballesteros, 71 F.3d 754, 770 n. 12, amended by 98 F.3d 1100 (9th Cir. 1995); Burrows, 36 F.3d at 881-82 ("'The validity of [a public authority] defense depends on whether the government agent in fact had the authority to empower the defendant to perform the acts in question.'") (quoting Baptista, 17 F.3d at 1368 n.18). Accordingly, the Ninth Circuit has held that to establish a public authority or entrapment by estoppel defense to a violation of federal law, the authorizing agency must be a federal agency. See, e.g., Mack, 164 F.3d at 474 (finding public authority and entrapment by estoppel defenses based on conversation with local law enforcement officers were "without merit because Mack did not rely on the advice or authority of federal officials or agents") (emphasis in original); United States v. Collins, 61 F.3d 1379, 1385 (9th Cir. 1995) (entrapment by estoppel against a federal statute must have relied on

3

federal official's or agent's erroneous advice, and not that of a state official).  See also Matta-Ballesteros, 71 F.3d at 770 n. 12 (indicating that where "a CIA agent could not lawfully authorize the violation of the federal drug laws," the public authority defense probably fails as a matter of law).

Here, each of the noticed public authority defenses is premised on authorization by an LASD official.  Because no LASD employee may authorize anyone to obstruct a federal grand jury investigation or to make false statements to federal agents, any public authority defense in this case must fail as a matter of law.  See, e.g., Mack, 164 F.3d at 474; Brebner, 951 F.2d at 1027 ("[I]n asserting an entrapment by estoppel defense to charges of violating federal law, a defendant is required to show reliance either on a federal government official empowered to render the claimed erroneous advice . . . .") (citing United States v. Etheridge, 932 F.2d 318, 321 (4th Cir. 1991) (estoppel defense to federal firearms charge rejected because based on advice of state trial judge rather than official of federal government); United States v. Allen, 699 F.2d 453, 458 n. 1 (9th Cir. 1982) (entrapment defense based on alleged misrepresentations of state parole officer rejected because no claim that any federal officials induced unlawful act)).  Accordingly, the Court should preclude the public authority and entrapment by estoppel defenses asserted in this case as legally insufficient.[2]

---

[2] This result is consistent with "Nuremberg defense" cases that illustrate that federal defendants cannot defend their criminal behavior by claiming that they were just "following orders" given by those who likewise may not commit nor authorize the commission of federal crimes.  See, e.g., United States v. Cortes-Caban, 691 F.3d 1, 12 n.13 (1st Cir. 2012) (rejecting defense by four police officers that they could not be guilty of civil rights crimes because they
*(footnote cont'd on next page)*

**B.    Any defense not specifically noticed should be precluded pursuant to Rule 12.3**

Federal Rule of Criminal Procedure 12.3(a)(1) requires defendants to file notice of any defense of "actual or believed exercise of public authority on behalf of a law enforcement agency," by the applicable motions deadline, which was March 17, 2014. Rule 12.3(a)(2) requires that notice to specifically identify (A) the agency involved, (B) the agency member on whose behalf the defendant claims to have acted, and (C) the time during which the defendant claims to have acted with public authority. Accordingly, each defendant should be prohibited from belatedly adding any agencies or agents on whose behalf they claim to have exercised authority.

Those defendants who have attempted to include vague placeholders or catch-all provisions in their Rule 12.3 notice should similarly be precluded from later presenting any defense about which they did not specifically give notice. Specifically, the following phrases in the following defendants' notices are each insufficient to provide the government with notice under Rule 12.3:

| Defendant | Text |
|---|---|
| Stephen Leavins | ". . . . any other law enforcement agency that may be subsequently disclosed in on-going discovery production . . . ." (Docket Nos. 131 & 173.) |
| James Sexton | ". . . . including but not limited to . . . ." (Docket No. 138.) |
| Scott Craig | "Other members of the L.A.S.D. presently not identified." (Docket Nos. 121 & 175.) |
| Maricela Long | "Other members of the L.A.S.D. presently not identified."  (Docket No. 128.) |

---

were just "following orders"); United States v. Hill, 643 F.3d 807, 865 (11th Cir. 2011) (defendant's contention that he was only following orders "is no defense"); United States v. Funmaker, 10 F.3d 1327, 1331 (7th Cir. 1993) ("defendants cannot circumvent federal prosecution by claiming that they were merely following orders.").

5

1   Because these vague provisions provide no notice at all,
2   defendants should not be permitted to rely upon them later to
3   introduce evidence or argument regarding a public authority or
4   entrapment by estoppel defense.  Fed. R. Crim. P. 12.3; see also
5   United States v. Seeright, 978 F.2d 843, 848 (4th Cir. 1992) (holding
6   that testimony of undisclosed defense witnesses regarding public
7   authority defense was not an abuse of discretion where defendant
8   failed to timely disclose names of specific witnesses).  Defendants
9   should accordingly be precluded from presenting any defense that some
10  agent not specifically named in their respective notices authorized
11  any one of them to commit obstruction of justice and make false
12  statements to the agents of the Federal Bureau of Investigation.

   **C.   Sexton's Steven Martinez Defense**

14     Unlike all the other noticed public authority and entrapment by
15  estoppel defense, which are all based on the legally insufficient
16  claim that defendants' alleged crimes were authorized by the LASD,
17  defendant Sexton does include one federal official his list of
18  government agents — Steven M. Martinez of the Federal Bureau of
19  Investigation ("Martinez").  The government requests that defendant
20  Sexton disclose, pursuant to Federal Rule of Criminal Procedure
21  12.3(a)(4)(A) & (B), all witnesses upon which defendant would rely to
22  establish such a claim.  The government currently expects to ask the
23  Court to require an offer of proof of any defense based on Martinez's
24  alleged authorization and to ask the Court to preclude it because the
25  government does not currently believe that defendant Sexton can make
26  a prima facie showing that he relied on any statements or actions of
27  Martinez.  Indeed, in his own filing in support of various pretrial
28  motions, defendant Sexton claims that he first "reach[ed] out to the

FBI" in 2012, after the events alleged in the indictment and the time period set forth in defendant Sexton's Rule 12.3 notice.  (See Unredacted Consolidated Declaration of Nicholas J. Begakis ¶ 5. (filed under seal).)

### III. CONCLUSION

For the foregoing reasons, this Court should preclude any evidence and argument regarding public authority or entrapment by estoppel defenses that are based on the authorization of LASD employees on the grounds that they are legally insufficient defenses to the charged crimes.  The government will also seek to preclude any defenses that were not specifically noticed as required by Rule 12.3(a)(2).  The government reserves its right to object to any defense based on the authorization of Steven M. Martinez until after defendant Sexton provides the government with witness disclosure as required by Rule 12.3(a)(4).

Dated: March 27, 2014          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


         /s/
MARGARET L. CARTER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

7